UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

– v. –

Craig Oleksowicz,

        Defendant.

**OPINION**
13-cr-003 (ER)

Ramos, D.J.:

  Before the Court is defendant's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3.  Doc. 57.  For the reasons set forth below, the motion is denied.

**Background**

  On March 14, 2014, the defendant pleaded guilty pursuant to a plea agreement with the government to a superseding information charging him with two counts of possessing with intent to distribute oxymorphone in July 2011 and October 2011, respectively, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(c) and 841(b)(2). The charges stemmed from the overdose deaths of Austin O'Farrell, age 20, and William Raftery, age 21, in Pearl River, New York in July 2011 and October 2011, respectively. Presentence Investigation Report ("PSR") at ¶ 8.  In a consensually recorded conversation between a confidential informant working with the Drug Enforcement Administration and the defendant, the defendant admitted to supplying to the informant the oxymorphone pills that were involved in the Raftery and O'Farrell overdose deaths.  Doc. 47 at 3.

As stipulated in the plea agreement, both deaths resulted from the ingestion of the oxymorphone pills illegally distributed by the defendant. As further stipulated in the plea agreement, a base offense level of 38 applied to each count of conviction pursuant to U.S.S.G. § 2D1.1(a)(2), because he was convicted under 21 U.S.C. § 841(b)(1)(C), and the offense of conviction established that death resulted from the use of the substance. The PSR contained the same guidelines calculations stipulated to by the parties in the plea agreement, resulting in an advisory guidelines range of 210 to 262 months' imprisonment.

The defendant was sentenced on April 23, 2014. At the sentencing, his counsel stated on the record that he did not object to the factual accuracy of the PSR or to the guidelines calculation contained therein. See Sentencing Tr. at 3. The Court found that the total offense level was 37—driven by the deaths of the two victims—and that the defendant was in Criminal History Category I, resulting in an advisory Guidelines range of 210 to 262 months' imprisonment. *Id*. at 4. While the government advocated for a sentence within the guidelines range, the defendant sought a sentence of no more than 60 months imprisonment on each count of conviction, to run concurrently. The Court sentenced the defendant principally to 120 months on each count, to run concurrently. On April 30, 2014, the Court entered the final judgment. The defendant did not appeal his sentence.

The instant motion was filed more than a year later, on September 8, 2015. In it, the defendant argues—contrary to what he stipulated to in his plea agreement with the government, and as provided in the PSR, whose factual accuracy he did not dispute—that the finding that his distribution of oxymorphone resulted in the deaths of the two individuals was error. For the reasons set forth below, the Court finds that it has not the jurisdiction or authority to grant defendant the relief he is seeking.

**Discussion**

As a preliminary matter, and as noted by the government, the defendant has brought this motion as one for relief under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3.  The Federal and Local Civil Rules, of course, are inapplicable to a criminal case such as this.  Reviewing a pro se litigants papers with leniency, as the Court is required to do, the motion will be construed as one for relief under Rules 35 and 36 of the Federal Rules of Criminal Procedure.

The only avenues for reconsideration of a sentence by a district court are Federal Rules of Criminal Procedure 35 and 36. *See United States v. Spallone*, 399 F.3d 415, 421 (2d Cir. 2005); *see also id.* ("courts are prohibited from altering a judgment that is clear on its face"); *Fairley v. U.S.* 2011 WL 1097537 (S.D.N.Y. 2011).  Rule 35(a) permits a court to correct an arithmetical, technical or clear error, but only within fourteen days after sentencing.  Fed R. Crim. P. 35(a).  It is firmly established in the Second Circuit that the 14 day period set forth in Rule 35 is jurisdictional.  *United States v. Sarvestani*, 297 F.R.D. 228, 229 (S.D.N.Y. 2014) (citing *United States v. Abreu-Cabrera*, 64 F.3d 67, 73 (2d Cir. 1995)) (internal quotation marks and alterations omitted).  "Accordingly, a district court lacks jurisdiction to correct a sentence after the fourteen-day period set forth in Rule 35(a) has expired, even where the motion seeking relief is timely filed."  *Id.* (citations omitted); *U.S. v. Munoz*, 2014 WL 2566263 (E.D.N.Y. 2014) (same).  Because the defendant filed the instant motion more than one year after his sentence, well beyond the 14-day time limit, the Court has no jurisdiction to correct his sentence pursuant to Rule 35(a).

Unlike Rule 35, Rule 36, allows a court to correct a technical error in a judgment "at any time." Fed. R. Crim. P. 36.  However, it covers only "clerical" errors, and does not provide a

court with jurisdiction to "correct an alleged error committed by the judge at sentencing, regardless of whether that correction is designed to vindicate an unstated assumption of the sentencing court." *See United States v. Werber*, 51 F.3d 342, 349 (2d Cir. 1995); *Marmolejos v. U.S.*, 789 F.3d 66, 70 (2d Cir. 2015) ("Rule 36 applies only to clerical mistakes and errors in the record; it does not authorize substantive alteration of a final judgment.") (citation omitted). *United States v. DeMartino*, 112 F.3d 75, 79 (2d Cir. 1997) (Rule 36 allows a court to fix a clerical error in the written judgment, but not to amend the oral judgment "to effectuate an intention that the court did not express in its oral sentence.")  (citing *Werber*, 51 F.3d at 343).

Oleksowicz is now alleging—over a year after his conviction became final—that the Court committed error when it found that his illegal distribution of oxymorphone pills resulted in the overdose deaths of two individuals.  As the government correctly argues, this alleged error is not "clerical" in nature; it is clearly substantive and indeed, the primary driver of the guidelines calculation.  In fact, the defense sentencing submission stressed that the defendant should be considered for a substantial variance *despite* the undisputed facts.  *See*. Doc. 45, *passim*. Accordingly, Rule 36 cannot provide the defendant the relief he seeks, and his motion must be denied.[1]

---

[1] The government notes that if the Court were to construe the motion as a petition for habeas relief pursuant to Title 18, United States Code, Section 2255, the motion would be barred by the one year statute of limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See 28 U.S.C. § 2255(f).  The Court agrees.  The one-year limitation period runs from the date on which the challenged judgment became final.  *See Clay v. United States*, 537 U.S. 522, 527(2003).  Where no appeal is taken, the judgment becomes final on the date that "the time for filing a direct appeal expires," as dictated by the Federal Rules of Appellate Procedure. *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). At all relevant times, that date has been 14 calendar days after entry of judgment in the district court. *See* Fed. R. App. P. 4(b).

**Conclusion**

For the reasons set forth above, the motion is DENIED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 57, and mail a copy of this opinion to the defendant.

It is SO ORDERED.

Dated:   February 24, 2017
         New York, New York

                                                          _____
                                                          Edgardo Ramos, U.S.D.J.